KIRBY, Executor, etc., *v.* LAKE SHORE & MICHIGAN SOUTHERN R. Co. and others.*

*(Circuit Court, S. D. New York. March 9, 1881.)*

1. PLEADING—JOINT CLAIM.

On a joint claim a joint action must be brought.

2. PARTNERSHIP—EXECUTOR OF DECEASED PARTNER—SUIT ON PARTNERSHIP CLAIM.

A bill, brought by the executor of a deceased partner to recover such partner's share in a partnership claim, is demurrable, though the surviving partners were made defendants in the bill, and though the bill alleged that they had been requested to join as complainants but had refused to do so.

*George Norris,* for plaintiff.

*John E. Burrill,* for defendants.

BLATCHFORD, C. J. By the death of John T. Alexander, the sole and exclusive right and remedy to reduce into possession the claim which is the subject-matter of this suit survived to the surviving partners of the firm. The claim is a claim which belonged to the partnership as such. It was a joint claim, and not a claim in which, as respected the defendants, or any suit against them to recover the claim, the members of the copartnership had a several interest, or an interest which would have authorized any one of them to maintain a suit to recover his aliquot share of the claim before the death of any one of the partners. The two surviving partners are made defendants. The suit is brought by the executor of the deceased partner to recover only the share of the deceased partner in the claim. The claim is a unit. The surviving partners are the only proper persons to sue for the claim. If, on any allegations, the executor of the deceased partner could be allowed to sue, making the two surviving partners defendants, he could not do so without alleging that the

*See 14 Fed. Rep. 261.

surviving partners refused to sue when they ought to sue. There is no such allegation in this bill. The only allegation is that the plaintiff requested them to "join him as complainants herein," and that they refused to do so. It was proper for them to refuse to join with the plaintiff, as he is not a proper party plaintiff, and his suit is only to collect his own share. The defendants, against whom a recovery is sought, have a right to demand that the whole claim, being a partnership claim, shall be sued for in one suit by the proper plaintiffs. To allow this suit would be to sanction as many separate suits in respect to portions of the claim as there were partners.

The demurrers must be allowed, with costs, with liberty to the plaintiff, under rule 35 in equity, to move for leave to amend his bill.